THE VILLAGE OF ST. ALBANS *v.* M. A. SEYMOUR.

*Highways.    Land Damages.    Notice.    Administrator.    Heirs.*

In laying a highway through land belonging to an estate of an intestate, the administrator, and not the heirs to whom the estate will eventually be distributed, is the only person entitled to notice of the hearings to be had under the statute before the commissioners appointed to lay the highway.

Nor would an agreement among the heirs for a division of the land belonging to the estate into parcels, to be held in severalty by them according to their several respective rights as such heirs, signed by them but not sealed, nor possessing any of the requisites of a conveyance of title, entitle them to notice, they not having gone into possession of the respective parcels designated by such agreement.

Hence the land damages awarded in such case should go to the administrator as such, and payment to him will preclude any claim by the heirs for damages for the same cause.

PETITION to the supreme court for a writ of *certiorari*. The petition set forth the proceedings in detail which resulted in widening a certain street in the village of St. Albans, pursuant to section 41 of chapter 24 of the General Statutes, *et seq.*, by which a portion of land belonging to the estate of Henry Seymour was appropriated for that purpose; that the trustees of said village, to whom the petition to widen said street was addressed, notified Martin A. Seymour, administrator of the estate of Henry Seymour, of the time and place of hearing in relation to claims for land damages, but gave no notice to the heirs of Henry Seymour of the hearings before them upon the matter of laying said highway, or upon claims for land damages; that they awarded damages to said estate to the amount of fifteen hundred dollars; that upon petition of said Martin A. Seymour, as administrator of Henry Seymour, to the Franklin county court, at the April term, 1867, alleging that he was dissatisfied with the doings of said trustees in laying out and widening said street, as well as the compensation awarded him for land damages, commissioners were appointed, who proceeded under their appointment and laid out and widened said street, and gave due notice of the hearings before them, as required by the statute, to said Martin A. Seymour and others, but gave no notice to the heirs of said Henry Seymour; that they awarded to said Martin A., as administrator of said Henry Seymour's estate, the sum of $3500 damages sustained in consequence of widening said street, to be paid by said village; that Henry G. Seymour, Horatio P. Seymour, Elizabeth Seymour, Charles St. John Seymour and Laura Seymour, the heirs and widow of Henry Seymour, prior to the laying out and widening of said street, on the 10th day of May, 1865, executed a contract, dividing said land, so taken in laying out and widening said street, among themselves in separate parcels, but said writing or contract had never been recorded, and said trustees, at the time of laying out and widening said street, had notice of the existence of said contract, but gave said heirs no notice of their proceedings in laying out said street or in the award of damages, nor awarded separate damages to the heirs of said Henry Seymour; neither did said commissioners give said heirs notice or award separate

damages; that the county court, at their September term, 1868, accepted the report of said commissioners and established the street agreeable to their report, and rendered judgment for the damages and costs, to be paid to said Seymour by said village by 1st day of April, 1869, said street to be opened for work by 1st day of May, 1869, and to be completed by 1st day of December, 1869; that there was error in said judgment; that the damages, if any, for the land so taken, should have been awarded to Horatio P. Seymour and Elizabeth Seymour, two of the heirs of the estate of Henry Seymour, according to their separate interests in said land, these being the two heirs to whom said land taken in widening said street was set in said agreement.

.Said commissioners stated in their report to the court, that " the petitioner, Martin A. Seymour, offered in evidence on the hearing before them the written contract marked ' A,' which is the agreement above mentioned, and five deeds. Said deeds were drawn up, it appeared by the evidence, to be executed, and some of them were at some time signed by said Laura Seymour and the others, but their execution and delivery at the time they were written were abandoned by the heirs, and the contract marked ' A' was drawn and for the time substituted and signed. At the time of the hearing it appeared that Horatio P. Seymour, one of said heirs, refused to complete said division or to have anything to do with it. It did not appear, or it was not proved to the commissioners, that said heirs who signed said contract had ever occupied separate portions of said real estate from which the land was taken to widen the street, or how it had been occupied by them. The commissioners were of the opinion that said contract and deeds and the foregoing facts vested no separate title to the land and real estate, from which the land was taken to widen this street, in said heirs, which said trustees were bound to regard, and decided that said damages ought to be awarded to the petitioner for the benefit of the estate of Henry Seymour, upon which he is administrator."

The village of St. Albans excepted to the report of the commissioners, on the ground that the administrator was not entitled to the damages awarded by the commissioners for the reason that two of the heirs at law of said Horatio Seymour were entitled to the damages awarded, and not the estate of said Henry Seymour.

Village of St. Albans *v.* Seymour.

### CONTRACT A.

" St. Albans, May 10, 1865.

" We, H. E. Seymour, H. P. Seymour and Elizabeth Seymour, and Charles St. John Seymour, husband of said Elizabeth Seymour, have agreed and do agree upon the division of the real estate of Henry Seymour, deceased, among ourselves, as follows, to wit: to H. E. Seymour, the Hoadley and Kowley farms, and a piece south of the Sheldon road opposite the Kowley place, and a piece taken off from the Church farm, and the advancement to line toward the Rev. Dr. Smith place.

"To H. P. Seymour, the Church farm with the piece off to Henry, the Swanton hill lot, the Burnham farm, and lot off the village homestead.

"To Elizabeth, the Fullar lot, the pasture lot on Congress street, and a lot off the homestead lot with a part of the house thereon. All according to deeds of this date drawn. And all the residue of the real estate to be held and owned in common by said Henry, Horatio and Elizabeth in undivided equal shares, subject to the widow's dower, agreed upon as per a deed of this date drawn.

|  |  |
|---|---|
| *Witnesses.* | HENRY E. SEYMOUR, |
| M. A. SEYMOUR, | HORATIO P. SEYMOUR, |
| C. N. BISHOP. | ELIZABETH SEYMOUR, |
|  | LAURA SEYMOUR, |
|  | CHAS. ST. JOHN SEYMOUR." |

*Edson & Rand,* for the petitioners.

For want of notice to the heirs of Henry Seymour, the owners of said land, the proceedings of the trustees and commissioners were void. *Shelton* v. *Derby,* 27 Conn., 414; *State* v. *Reed,* 38 N. H., 59; *Thetford* v. *Kilburn et al.,* 36 Vt., 179; *Pierce* v. *Somersworth,* 10 N. H., 369. The division of the land by the heirs, by their contract of May 10, 1865, is binding in equity and can be enforced between themselves, notwithstanding the widening of the street takes the entire lot divided to Horatio P. Seymour.

It follows that Horatio should have been notified, and damages awarded to him for his separate interest in the land, and if the village pays the $3500 damages awarded to the estate, still Horatio will not be precluded from taking the proper steps for the recovery of his land or the pay for it of the village. The result is, if the proceedings of the trustees and commissioners are void for

want of proper notice, the whole proceedings should be quashed. *West River Bridge Co.* v. *Dix et al.*, 16 Vt., 446.

*H. S. Royce*, for the defendant.

The heirs of Henry Seymour had not such an interest as the commissioners are bound or authorized to notice. *Brown* v. *The Co. Comr.*, 12 Met., 208; *Parish* v. *Gilmanton*, 11 N. H., 294. If the heirs have any title in equity, the administrator will hold the sum awarded in trust for them. 12 Met., 210. The finding of the commissioners as to the ownership of the premises will not be revised by this court. *Minot* v. *Co. Comr.*, 28 Me., 121.

The opinion of the court was delivered by

BARRETT, J.    This is a petition for a writ of *certiorari*, for the purpose of having this court revise and vacate the proceedings and judgment of the county court, had upon the petition of said Seymour as administrator of the estate of Henry Seymour, which had been brought and prosecuted pursuant to section 41 of chapter 24 of the General Statutes, *et seq.*    To the report of the commissioners the village of St. Albans filed exceptions on the alleged ground that said administrator was not entitled to the damages accorded by said commissioners, for the reason that two of the heirs at law of said Henry Seymour were entitled to the damages awarded, and not the estate of said Henry Seymour.

It appears that the title of record to the land upon which said road was laid was in the estate represented by said M. A. Seymour as administrator.    It was shown before said commissioners that certain heirs of said Henry were entitled by inheritance to said land in common, and that they had made arrangement among themselves for its division into parcels, to be held in severalty by them according to their several respective rights as such heirs. That arrangement rested in a written memorandum, signed by said heirs, but not sealed, nor possessing any of the requisites of an assurance or conveyance of title.    Certain deeds to carry into effect the purpose evidenced by that memorandum had been signed, but "their execution and delivery at the time they were written were abandoned by the heirs, and the contract marked 'A' was

drawn, and for the time, substituted and signed." Said contract marked 'A' is the written memorandum above referred to. It was not shown that there had been any several occupancy by the heirs of the respective parcels designated by said written memorandum. It resulted hence, as before stated, that the title of record was in the estate of Henry Seymour, no such distribution having been made among the several heirs as to vest in each or any of said heirs the title to any specific portion and parcel. This being so, it seems clear to us that all the requirements and purposes of the law were answered in the proceedings upon the petition of said administrator, by his being treated as the party representing all the interest in the land to be affected by the laying of said street, and that it was not required by the law that the commissioners should notify the heirs of Henry Seymour of the hearings to be had by them.

It will follow, of course, that the payment of the sum awarded by the report of the commissioners, and adjudged by the court to the administrator as land damages, will preclude any claim by any of said heirs for damages for the same cause.

The analogy of principles in their various application in matters of this kind, as well as decided cases, justify this view and this result.

The writ is denied with costs.